AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A.,
dba WELLS FARGO DEALER SERVICES

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>ROBERT WAYNE HARRIS,<br><br>Debtor.<br>_______________________________/ | Case No. 17-40056 CN<br>(Chapter 13 Proceeding)<br><br>SECURED CREDITOR, WELLS FARGO BANK, N.A., DBA WELLS FARGO DEALER SERVICES's OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>**MEETING OF CREDITORS**:<br>Date: February 16, 2017<br>Time: 2:00 p.m.<br>Ctrm: #680N, Office of the U.S. Trustee,<br>1301 Clay Street,<br>Oakland, CA<br>**CONFIRMATION HEARING**:<br>Date: To Be Noticed |

WELLS FARGO BANK, N.A., dba WELLS FARGO DEALER SERVICES (hereinafter referred to as "Secured Creditor") objects to confirmation of the Chapter 13 Plan proposed hereunder by Debtor, ROBERT WAYNE HARRIS (hereinafter referred to as "Debtor") on the following grounds:

///

1. On April 11, 2013, Debtor (as Buyer) entered into a written Retail Installment Sale Contract – Simple Interest Finance Charge (hereinafter referred to as “Security Agreement”) with Journey Ford Lincoln (as Seller) which evidenced Debtor’s financed purchase of the 2013 Ford Fiesta (Vehicle Identification Number 3FADP4BJ6DM186520) (hereinafter referred to as the “property”), which has become the subject of this action. The aforementioned Security Agreement was duly assigned by Journey Ford Lincoln to Secured Creditor during the normal course of business on or about April 11, 2013.

2. Upon executing the Security Agreement, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, and by subsequently taking possession of the property which was being financed by Secured Creditor, Debtor agreed and became obligated to pay the sum of $17,614.95, with interest accruing at the contract rate of 11.75% per annum, for the financed purchase of the subject property. Further evidence of Secured Creditor's secured position is reflected on the Certificate of Title for the subject property, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference.

3. Based upon information derived from the automated NADA Official Used Car Guide, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, pursuant to 11 U.S.C. § 506(a)(2) the property is currently believed to have a retail, replacement value to Debtor of $5,820.00**.** This is the value indicated for collateral of this year, make, model and general features in the reference guide most commonly used source of valuation data used by Movant in the ordinary course of business for determining the value of this type of collateral.

4. Secured Creditor objects to the $3,156.00 valuation allocated to its secured collateral under Debtor's proposed Plan in that should Secured Creditor be forced to accept

the low valuation of its secured claim hereunder, Secured Creditor's security interest will be severely diminished on collateral which already depreciates at a rapid rate during the normal course of its use.

5. The value allocated to Secured Creditor's collateral under Debtor's proposed Plan is substantially below the value given in the *NADA Official Used Car Guide*. In the absence of further evidence explaining the valuation discrepancy, Secured Creditor contends that Debtor has not satisfied the burden under 11 U.S.C. § 506(a)(2). Based thereupon, Debtor's proposed Plan does not comply with 11 U.S.C. § 1325(a) because it does not pay Secured Creditor the present value of its secured claim and, therefore, Debtor's Plan cannot be confirmed as is presently proposed.

6. Secured Creditor further objects to the $58.12 monthly adequate protection payments offered it under Debtor's proposed Plan in that the value of Secured Creditor's security will depreciate at a much higher rate than that at which Secured Creditor will receive adequate protection payments under the Plan.

7. Debtor is proposing to pay the Chapter 13 Trustee the sum of $110.00 per month for sixty (60) months. Once Debtor's obligation to Secured Creditor has been *properly* scheduled for repayment, Debtor will not possibly be able to successfully compensate Secured Creditor for its obligation at the rate proposed and, therefore, Debtor cannot feasibly complete their Plan as proposed. As such, pursuant to the laws which govern the administration of this proceeding, this Chapter 13 Plan, as proposed, should not, and cannot, be confirmed.

8. Secured Creditor objects to the Plan because the proposed interest rate of 4.00% is less than the guidelines provided in Till vs. SCS Credit Corp. 541 U.S. 465, 124 SCt 1951, 158 L.Ed. 2d 787 (2004) (In re Till). In the Till case, the Supreme Court found that the appropriate rate of interest when a debtor is “cramming down” the value of collateral pursuant

to 11 U.S.C. Section 1325(a)(5)(B)(ii) is the “prime-plus” or “formula rate” which augments the national prime rate to account for the risk of nonpayment by the debtor. The Supreme Court refused to determine the proper scale for risk adjustment, but noted that other courts have approved adjustments of 1.5% to 3%. The Prime Rate was 3.50% at the time the Debtor filed this case.

9. Secured Creditor believes that if it is forced to accept its inclusion under Debtor's Plan as is presently proposed, Secured Creditor will be prejudiced by its position thereunder and Secured Creditor will continue to suffer substantial, mounting losses.

WHEREFORE, SECURED CREDITOR RESPECTFULLY MOVES:

1. That, based upon the risk factors set forth more fully above, as well as others that may exist, confirmation of this Chapter 13 Plan be denied; or, in the alternative;

2. That Debtor's Plan hereunder be amended in order to allow Secured Creditor to receive the fully secured sums that are due and owing to it. More specifically, the replacement value to Debtor of the property should be set at $5,820.00;

3. That Debtor’s Plan hereunder be amended in order to allow Secured Creditor to receive pre- and post-confirmation adequate protection payments of no less than $113.87 per month;

4. That Secured Creditor's secured claim accrue interest at the fair market rate of 6.50% per annum;

///

///

///

///

///

5. That Debtor be required to provide the Chapter 13 Trustee with monthly payments in a feasible and realistic manner.

Dated: February 3, 2017

LAW OFFICES OF
AUSTIN P. NAGEL

/s/ Austin P. Nagel
Attorneys for Secured Creditor,
WELLS FARGO BANK, N.A.,
dba WELLS FARGO DEALER SERVICES

WDSBK.569